```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division

 ANTHONY VIRGIL JASPER,           )
                                  )
      Petitioner,                 )
                                  )
            v.                    )      1:00CR87
                                  )      1:16CV750
                                  )
 UNITED STATES OF AMERICA,        )
                                  )
      Respondent.                 )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on *pro se* Petitioner Anthony Virgil Jasper's ("Petitioner" or "Jasper") Section 2255 Motion to Correct Sentence. [Dkt. 104.] For the reasons set forth below, the Court will hold Petitioner's first claim in abeyance, pending the Supreme Court's ruling in *Beckles v. United States*, --- S. Ct. ---, 2016 WL 1029080 (June 27, 2016) (granting *certiorari* to address whether *Johnson* applies to the residual clause in U.S.S.G. § 4B1.2(a)(2) and applies retroactively on collateral review). The Court will also deny Petitioner's second claim as untimely.

## **I.   Background**

On May 17, 2000, Jasper was convicted by a jury of five counts, including: (1) conspiracy to interfere with commerce by committing robbery, in violation of 18 U.S.C. § 1951; (2)

1

interference with commerce, in violation of 18 U.S.C. § 1951; (3) using a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c); (4) transporting firearms as a convicted felon, in violation of 18 U.S.C. § 922(g); and (5) conspiracy to possess a controlled substance, in violation of 21 U.S.C. §§ 844, 846.  [Dkt. 59.]  According to Petitioner, the underlying "crime[s] of violence" involved a 1971 robbery conviction, a 1979 assault and battery conviction, a 1982 assault conviction, a 1987 robbery with a firearm conviction, a 1993 abduction with a firearm conviction, and a 1997 distribution of cocaine conviction. *In re Anthony Jasper*, No. 15-0333, Dkt. 2-4 at 3 (4th Cir. Oct. 20, 2015).[1]

On August 18, 2000, the Court sentenced Jasper to two life terms on Counts 1 and 2, plus 84 months' imprisonment on Count 3, to run consecutively.  [Dkt. 63.]  The Court also sentenced Jasper to 144 months' imprisonment for Counts 4 and 5, to be served concurrently with Counts 1-3.  [*Id.*]  Finally, the Court imposed several concurrent terms of supervised release, which ultimately require five years' supervision.  [*Id.*]

On June 24, 2016, Jasper filed a successive petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.

---

[1] Jasper does not appear to have filed a brief in support of his § 2255 motion before this Court.  However, he did file a brief with the Fourth Circuit, in support of his motion for a successive petition, in which he identified these prior convictions as relevant to his motion today.

2

§ 2255 [Dkt. 104] in light of the United States Supreme Court's recent holding that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.  *See Johnson v. United States*, 135 S. Ct. 2551 (2015); *see also Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* applies retroactively on collateral review).  Petitioner's motion asserts two *Johnson* claims.  First, Petitioner argues that one or more of his prior convictions no longer qualifies as a "crime of violence" in light of *Johnson*.  Pet. at 4.  Because these convictions were included in calculating his criminal history score, Petitioner asserts that his 84-month sentence for Count 3 is now unconstitutional.  *Id.*  Second, Petitioner claims that *Johnson* should be applied to invalidate two additional sections of the United States Sentencing Guidelines, § 2B3.2 and § 2K2.1, that were used in his case.  *Id.* at 5.

On August 24, 2016, the Government filed a motion to dismiss Petitioner's § 2255 motion.  [Dkt. 110.]  Jasper filed his opposition on September 14, 2016, asserting additional arguments about the vagueness of 18 U.S.C. § 3559(c).  [Dkt. 111.]  The Government did not reply.  This § 2255 petition is now ripe for disposition.

## II.  Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody may collaterally attack his sentence on four grounds: (1) the sentence

3

was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962). The petitioner bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Under the Antiterrorism and Effective Death Penalty of 1996 ("AEDPA"), however, a federal district court must dismiss any § 2255 motion that is filed more than one year after the date on which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion, created by unlawful governmental action, is removed and the petitioner was prevented from making a motion by such action; (3) the United States Supreme Court initially recognized the constitutional right asserted, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claims presented could have been discovered with due diligence. 28 U.S.C. § 2255(f). A petitioner must demonstrate that the petition was timely filed under § 2255 or that his untimely petition may be salvaged by equitable tolling principles. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (confirming that equitable tolling applied to AEDPA's statute of limitations); *United States v. Terrell*, 405 F.

App'x 731, 732 (4th Cir. 2010) (applying the holding in *Holland* to § 2255 motions).

### III. Analysis

A. Petitioner's U.S.S.G. § 4B1.2 Claim

In his § 2255 motion, Jasper first argues that his "prior convictions do not qualify for purposes of guidelines enhancement." Pet. at 4. In support of this argument, Petitioner states:

> Pursuant to the S.Ct's Johnson decision, Mr. Jasper's prior convictions do not qualify for use as predicates for purposes of career offender enhancement because of the unconstitutional and vague residual clause, as applied here.
>
> Under state law, Mr. Jasper's prior convictions are not classified as "violent felonies" and many of his prior convictions were too old and outside of 4A1's 15-year statute of limitations.[2] Mr. Jasper should be remanded for correction of sentence.

*Id.* However unartfully pleaded, this Court construes Petitioner's motion to be, in essence, a challenge to the residual clause of U.S.S.G. § 4B1.2. In his opposition, Petitioner asks this Court to hold his petition in abeyance, pending the Supreme Court's ruling in *Beckles* about the possible extension of *Johnson* to § 4B1.2. Opp. at 1.

The Government's motion to dismiss urges this Court to apply the concurrent sentence doctrine, which would allow the Court,

---

[2] Jasper's claim with respect to the erroneous inclusion of prior convictions that were outside the statute of limitations under the Guidelines is untimely. Petitioner's case has been final since 2001. 28 U.S.C. § 2255(f)(1). Moreover, such a claim is not even remotely permitted by *Johnson*. *Id.* § 2255(f)(3). Accordingly, this Court grants Defendant's motion to dismiss with respect to this aspect of Petitioner's first claim.

5

as a discretionary matter, to decline to review Petitioner's *Johnson* claim. Mot. to Dismiss at 3. The Government explains that the concurrent sentence doctrine is applicable here because Jasper was sentenced to "two statutorily mandated life sentences." *Id.* These sentences—which are greater than or equal to the challenged enhanced Guidelines sentence—are "uncontested" by Petitioner and unaffected by *Johnson*. *Id.* at 3-4. The Government argues that, even if the Court were to find in Petitioner's favor and resentence him with regards to Count 3, he would still face two consecutive life terms. *Id.* In other words, Petitioner's requested relief would have no practical effect on the time he spends behind bars. Petitioner himself seems to acknowledge this point, as he states in his opposition that the term for Count 3 "ha[s] no real effect in terms of a life sentence." Opp. at 6.

As an alternative to its request for a dismissal, the Government asks this Court to hold Petitioner's § 2255 motion in abeyance until the Supreme Court issues a decision in *Beckles*. Mot. to Dismiss at n.3.

"The decision of whether or not to stay a case pending in district court lies within the sound discretion of the court to control its docket, absent a statute removing that discretion." *Fisher v. United States*, No. 3:13-mc-08, 2013 WL 6074076, at *4 (E.D. Va. Nov. 18, 2013) (quoting *Linear Prods. v. Marotech, Inc.*, 189 F. Supp. 2d. 461, 463 (W.D. Va. 2002)). In considering a motion to

6

stay, a district court must "weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Specifically, a district court should consider three factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Fisher*, 2013 WL 6074076, at *4 (quoting *Johnson v. DePuy Ortho.*, No. 3:12-cv-2274, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012)).

In the instant case, the interests of justice are best served by waiting for the Supreme Court to decide the issue in *Beckles*. Holding this case in abeyance will conserve judicial resources and ensure that this Court's rulings are consistent with the rulings of the Supreme Court. Furthermore, after the Supreme Court clarifies whether Petitioner has any right to relief under § 4B1.2 of the Guidelines, this Court will be better positioned to assess the potential applicability of the concurrent sentence doctrine. Accordingly, this Court will grant Petitioner's request for a stay.

B.   Petitioner's Other *Johnson* Claims

Jasper's second challenge to the constitutionality of his sentence is that the "language of the enhancement provisions are unconstitutionally vague as applied." Pet. at 5. To support this position, he asserts the following:

7

> Two of the provisions used to enhance Mr. Jasper's sentence do not provide guidance for how the determinations are made for their use, causing the same unconstitutionally [sic] vagueness of the Johnson decision's residual clause and resulted [sic] in a sentence imposed which is against law.

*Id.* Petitioner directed this Court to a brief filed in support of his § 2255 motion. *Id.* However, no brief was ever filed with this Court. Because Petitioner did file a brief with the Fourth Circuit in support of his motion for a successive petition, the Court considers its arguments today.

In Petitioner's Fourth Circuit brief, Jasper challenges the phrases "bodily injury" and "serious bodily injury," U.S. Sentencing Guidelines Manual § 2B3.2 (2000), as well as "stolen," *id.* § 2K2.1, as unconstitutionally vague. *See In re Jasper*, No. 15-0333, Dkt. 2-4 at 11-14. Jasper argues that "there are no measures or standards for making a relevant determination in regards to the actual seriousness of the injury, as it relates to count 1." Opp. at 4. Given this "grave uncertainty," Petitioner advocates for applying *Johnson* to invalidate both § 2B3.2 and § 2K2.1. *Id.* Jasper also asserts that this Court should have applied the extortion guideline, § 2B3.2, rather than the robbery guideline, § 2B3.1, to his case.[3] *See In re Jasper*, No. 15-0333, Dkt. 2-4 at 11-14. Finally, in a last-ditch effort to bootstrap additional claims to his *Johnson* petition, Jasper

---

[3] Jasper's claim with respect to the alleged erroneous application of the robbery guideline is untimely. Petitioner's case has been final since 2001. 28 U.S.C. § 2255(f)(1). Moreover, such a claim is not even remotely permitted by *Johnson*. *Id.* § 2255(f)(3). Accordingly, this Court grants Defendant's motion to dismiss with respect to this aspect of Petitioner's second claim.

argues that it is not clear what qualifies as a "serious violent felony" under 18 U.S.C. § 3559(c), the statute under which he received a mandatory life sentence.  Opp. at 6.

In its motion to dismiss, the Government argues that Jasper's second claim for relief is untimely under 28 U.S.C. § 2255(f)(3), as the new right recognized by *Johnson* and made retroactive by *Welch* does not apply to Petitioner's claims.  Mot. to Dismiss at 5.  In support of this position, the Government points out that Petitioner's convictions have been final since 2001.  *Id.* (citing 28 U.S.C. § 2255(f)(1)).  As a result, "the only plausible avenue for him to claim timeliness is (f)(3)."  *Id.*  While the Government acknowledges that Petitioner's first claim based upon *Johnson* may be cognizable once the Supreme Court issues a decision in *Beckles*, the Government nevertheless maintains that *Johnson* does not provide Jasper with a new statute of limitations to bring "generalized vagueness challenges" to other sections of the Sentencing Guidelines "not even arguably affected by *Johnson*."  *Id.* at 5-6.  This Court agrees.

"[A] case announces a new rule when it breaks new ground or imposes a new obligation" on the government. *Teague v. Lane*, 489 U.S. 288, 301 (1989) (internal citations omitted). "To put it differently, a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* (internal citations omitted).  A holding is only

dictated by existing precedent if it would have been "apparent to all reasonable jurists." *Lambrix v. Singletary*, 520 U.S. 518, 527–528 (1997). *Johnson*'s application to § 2B3.2 and § 2K2.1 of the Sentencing Guidelines is not apparent here, as the two provisions contain very different language from the ACCA's residual clause. That leaves Petitioner's argument regarding § 3559(c).

As relevant here, § 3559(c)(2)(F)(ii)'s language is nearly identical to 18 U.S.C. § 924(c)(3)(B), a statute that other defendants have challenged as invalid following *Johnson*. *See id.* § 3559(c)(2)(F)(ii) ("[A]ny other offense . . . that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense."); *see also id.* § 924(c)(3)(B) (Any offense that is a felony and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."). However, the only circuits to address whether *Johnson* invalidates § 924(c)(3)(B) thus far have rejected Petitioner's arguments. *See United States v. Hill*, 2016 WL 4120667, at *8 (2d Cir. Aug. 3, 2016) (holding that *Johnson* is inapplicable to the residual clause of § 924 because "Section 924(c)(3)(B) does not involve the double-layered uncertainty present in *Johnson*"); *United States v. Taylor*, 814 F. 3d 340, 375-79 (6th Cir. 2016) (holding that *Johnson* did not render the residual clause of § 924(c) unconstitutionally vague because that clause "is considerably

narrower than the statute invalidated . . . in *Johnson*, and because much of *Johnson's* analysis does not apply to [the residual clause of § 924(c)]"). The Fourth Circuit, sitting *en banc*, also held that, on direct appeal, a defendant failed to show that it is "plain" that *Johnson* invalidates § 924(c)(3)(B). *United States v. Graham*, 2016 WL 3068018, at *1 n.1 (4th Cir. May 31, 2016). In addition, the Fourth Circuit declined to address the constitutionality of § 924(c)(3)(B), noting that the United States Supreme Court had no occasion to review that provision when deciding *Johnson*. *United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015). By analogy, then, § 3559(c) is also not invalid.

   For a motion filed pursuant to § 2255(f)(3), "the Supreme Court itself must recognize the specific substantive right at issue." *United States v. Kerney*, 2016 WL 6093486, at *2 (E.D. Va. Oct. 18, 2016). Section 2255(f)(3) "does not authorize [a lower court] to read between the lines of a prior opinion [by the Supreme Court] to discern whether that opinion, by implication, made a new rule retroactively applicable on collateral review." *Kerney*, 2016 WL 6093486, at *1 (citing *United States v. Mathur*, 685 F.3d 396, 401 (4th Cir. 2012) (internal quotations omitted)). This Court declines to read between the lines today to invalidate 18 U.S.C. § 3559(c) as unconstitutionally vague.

Because the new rule announced in *Johnson* does not apply to Petitioner's second claim, § 2255(f)(3) does not apply either. Thus, the Court will deny Petitioner's second claim as untimely.

### IV. Conclusion

For the foregoing reasons, the Court will hold in abeyance Petitioner Anthony Virgil Jasper's first claim to vacate, set aside, or correct his sentence under *Johnson* until the Supreme Court rules in *Beckles*. The Court will also deny Petitioner's second claim as untimely.

An appropriate order shall issue.

|  |  |
|---|---|
| February 2, 2017<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |